931 So.2d 1046 (2006)
Calvin M. WELLMAN, Appellant,
v.
GEICO GENERAL INSURANCE COMPANY, Appellee.
No. 4D05-993.
District Court of Appeal of Florida, Fourth District.
June 21, 2006.
*1047 Marjorie Gadarian Graham of Marjorie Gadarian Graham, P.A., Palm Beach Gardens, and Eric H. Luckman of Eric H. Luckman, P.A., Boynton Beach, for appellant.
Caryn L. Bellus and Sharon C. Degnan of Kubicki Draper, Miami, for appellee.

ON MOTION FOR REHEARING
STONE, J.
We deny Wellman's motion for rehearing, but withdraw our opinion of April 19, 2006, and substitute the following in its place.
We affirm a summary final judgment in favor of GEICO, declaring that GEICO effectively cancelled Wellman's automobile insurance policy prior to the time of Wellman's accident. If the cancellation was ineffective, as Wellman urges, he would have had coverage at the time of his accident.
GEICO is a "direct" issuer of automobile insurance, selling over the telephone or the internet. Wellman called GEICO and purchased automobile insurance directly, with no agent involved. The original policy includes the countersignature of a high-level career GEICO employee with a Florida 220 license for general lines insurance agents, in accordance with section 624.425, Florida Statutes.
Wellman renewed the policy several times, but eventually neglected to pay a premium. GEICO mailed a cancellation notice in March 2000, stating that the policy would be cancelled for non-payment, effective April 19, 2000. Wellman was involved in an automobile collision in May and made a GEICO claim. GEICO immediately sent a written reservation of rights explaining that the policy had been cancelled for non-payment of premium prior to the accident. It is undisputed that this cancellation, if properly noticed, would have been effective.
Wellman brought suit and also lodged a complaint with Florida's insurance commissioner. After review of the case, the *1048 Department of Insurance resolved that GEICO noticed both Wellman and a lienholder within the statutory timeframes and that GEICO delivered notice of the cancellation by electronically forwarding "bundled" reports that included the Wellman cancellation to its internal "agent." In ruling in favor of GEICO, the department was well aware that GEICO was a direct writer and that Wellman had no independent agent. The department found GEICO in compliance on the issue of effective cancellation.
GEICO's motion for summary judgment hinged on its position that Wellman's policy was properly cancelled in compliance with section 627.728, Florida Statutes, and no additional notice to an agent was sent because, as Wellman admitted, no agent existed.
There is no question that if Wellman had had an insurance agent, then he or she would necessarily have to be noticed of the impending cancellation. The statute, however, is silent regarding cancellation notice to agents when a policy is purchased directly from the insurer. Wellman chose to purchase insurance directly from GEICO. In doing so, he waived the right to notice to a non-existent independent insurance agent. A direct insured gains no benefit by our imposing additional notice obligations on the insurer beyond those exercised here. We also recognize that the Department of Insurance accepted GEICO's cancellation as valid. "Generally, a reviewing court should defer to the interpretation given a statute or ordinance by the agency responsible for its administration." Las Olas Tower Co. v. City of Fort Lauderdale, 742 So.2d 308, 312 (Fla. 4th DCA 1999).
We do not interpret the statutory scheme as mandating any further action by the insurer. Imposition of a requirement that direct writers could not cancel for fraud, misrepresentation, or non-payment in the absence of an agent for the insured, or our requiring additional notice to the internal agent, serves no purpose under the statutory scheme. We have considered and reject all other arguments raised by Wellman.
Therefore, the summary final judgment is affirmed.
GROSS and MAY, JJ., concur.